■ In the Matter of ROBERT C. DONNELLY, Petitioner, v. MICHAEL J. MURPHY, as Police Commissioner of the Police Department of the City of New York, Respondent.— Determination of the respondent dated February 1, 1961 unanimously annulled, on the law and on the facts. Petitioner has been found guilty on two charges constituting violations of the Rules and Procedures of the Police Department of the City of New York, to wit: "1. Said Ptl. Donnelly, performing tour from 11:00 P.M., March 6, 1960 to 7:00 A.M., March 7, 1960, assigned as operator R. M. P. car #1727, Sector #1, G. C. P. Pct., was absent from said sector without permission or proper police necessity about 5:50 A.M. (R & P 3/57.2). 2. Said Ptl. Donnelly, assigned as stated in specification #1, did fail and neglect upon return, to notify the desk officer or switchboard operator. (R & P 3/51.1[b])" The punishment imposed was a fine of 30 days' pay and probation for one year. Petitioner and Patrolman Lehr were assigned to a tour of patrol car duty from 11:00 P.M. on March 6, 1960 to 7:00 A.M. on March 7, 1960 on Grand Central Parkway, Sector 1. At 5:50 A.M. on March 7, 1960 they investigated a report of the need for assistance by a woman and two children in an automobile which allegedly had left the road at 188th Street and Grand Central Parkway within their sector. On arrival at the reported site the automobile appeared to have departed. Shortly thereafter, about 6:00 A.M., petitioner became nauseous and vomited and proceeded with his partner in the patrol car to the rear parking lot of the nearby stable area of Troop "F" of Mounted Squadron No. 2 of the New York City Police Department in order to use the toilet. He remained in the toilet until 6:55 A.M. and on his return to the patrol car found his partner Patrolman Lehr unconscious therein. Patrolman Lehr was pronounced dead at 7:50 A.M. A post-mortem examination disclosed the cause of his death to be the effects of carbon monoxide poisoning. Petitioner was administered oxygen in the police station and was admitted within an hour to Queens General Hospital where his examination disclosed that he was suffering from the effects of carbon monoxide inhalation. He remained at the hospital for five days. Unknown to petitioner and his partner a hole in the rear of the wheelhouse at the floor (spare tire well), which could not be seen during an inspection without removing the spare tire, permitted exhaust fumes to enter the trunk of the patrol car. As a result the automobile retained a quantity of carbon monoxide fumes after 15 minutes of motor operation. The record lacks substantial evidence to sustain the charges. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES GOTTLIEB, Appellant.— Judgment of conviction unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ CORA T. WALKER et al., Appellants, v. TRANS-CITY REALTY CO., INC., et al., Respondents.— Orders entered on November 22, 1961 unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Rabin, McNally and Eager, JJ.